# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**RONALD BECK,**

            **Plaintiff,**

**-vs-**    Case No.  2:06-cv-226-FtM-99DNF

**DESOTO HEALTH & REHAB, LLC,**

            **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

> **MOTION:** **MOTION FOR AN ORDER PERMITTING COURT SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS (Doc. No. 23)**
>
> **FILED:** **October 27, 2006**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** with modifications.

On May 4, 2006, the Plaintiff, Ronald Beck filed his Complaint (Doc. 1) and on October 17, 2006, he filed his Amended Complaint (Doc. 22) under the Fair Labor Standards Act, 29 U.S.C. §216(b) ("FLSA") on behalf of himself and those similarly situated alleging violations of the FLSA's overtime compensation provisions.   In the present Motion, the Plaintiff argues that the Court should authorize the notification of all hourly paid employees employed by the Defendant, DeSoto Health & Rehab LLC over the last three (3) years who were not properly paid overtime compensation for hours

worked in excess of forty (40) hours in a work week.  The Defendant filed a Response (Doc. 28), stating that it has no objection to the Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights.

In 29 U.S.C. §216(b), the FSLA permits an employee to bring an action against his employer for violations of the Act on behalf of himself and "other employees similarly situation."  An employee may not become a party to the action unless he provides his consent in writing to join the action, and the consent is filed with the court.  29 U.S.C. §216(b).  In *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001), the Eleventh Circuit outlined a two-tier procedure which it recommends that district courts use to manage cases filed under §216(b).  *Id*. at 1219.  The first stage is the "'notice stage'" when the court makes a decision based solely on the pleadings and affidavits whether the "notice of the action be given to potential class members."  *Id*. at 1218.  This first stage entails a fairly lenient standard.  *Id*.  If the court permits notice to be sent, this decision results in a "'conditional certification'" of the class, and potential class members may "'opt-in'" to the lawsuit. *Id*.  The second stage is generally after a motion to decertify class is filed by the defendant.  "At this stage the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.  If the claimants are similarly situated, the district court allows the representative action to proceed to trial.  If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice."  *Id*.  At the first stage the burden on the plaintiff is not heavy, and "plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Id*. at 1217-18 (citations omitted).  However, the plaintiff still has the burden of showing "a reasonable basis" for his assertion of class-wide discrimination.  *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996).

The Court must determine if a similarly situated class exists pursuant to 29 U.S.C. §216(b). Some factors that the court should consider in making its determination as to similarly situated are 1) whether the plaintiffs have the same job titles; 2) whether the geographic location is the same for all of the plaintiffs; 3) whether the time period of the violation was the same; 4) whether the policies and practices were the same for all of the plaintiffs; 5) whether the actions which constitute the violations were the same for all of the plaintiffs. *Smith v. Tradesmen International, Inc.*, 289 F.Supp.2d 1369, 1372 (S.D. Fla. 2003).

In the instant case, the Plaintiff filed two affidavits in support of his request to have notice sent to potential plaintiffs, his own affidavit, and the affidavit of Charles Guard. Both the Plaintiff and Charles Guard were hourly employees of the Defendant and their work included maintaining the property and performing repairs. Both worked more than forty hours per work week, and allegedly were not paid overtime wages. The Plaintiff and Charles Guard estimate that there are 8 to 10 other employees of the Defendant who performed similar duties to them and were not paid for overtime worked. The Plaintiff worked for the Defendant from March 2003 to December 2005, and Charles Guard worked for the Defendant from October 2004 to September 2006.

The two affidavits show similar job descriptions, similar geographic locations, similar time periods, similar practices, and similar violations. Therefore, the Court finds that the Plaintiff has demonstrated that he is similarly situated to other employees who performed maintenance and repair work, worked over forty hours in a work week, and did not receive overtime compensation during the last three years.

The Court reviewed the proposed notice form to be sent to the putative plaintiffs. The Court finds that the proposed notification and opt-in form are inadequate. The notice form does not limit the

employees to those who worked in maintenance and repair. Further, the notice does not include any language that if an individual does opt-in to the lawsuit and is unsuccessful on the merits, then this individual may be responsible for the Defendant's costs in this matter. *See*, *Rivera v. Cemex, Inc.*, 2006 WL 3388455, * 2 (M.D. Fla. 2006). Therefore, the Plaintiff must amend the notice form.

It is respectfully recommended:

1) That the Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights be granted with modifications.

2) That the Plaintiff be required to amend his notice form to limit it to other individuals who were working in a similar position to the Plaintiff, in maintenance and repair.

3) That the Plaintiff be required to amend his notice form to include language that an individual who does choose to opt-in to the lawsuit and is unsuccessful, may be responsible for the Defendant's costs in this matter.

4) That the Plaintiff be required to submit a proposed notification form for the Court's approval within a certain time frame.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___8th___ day of January, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record